Kamoku *et al. v.* Kalaauaha.

## SUPREME COURT—IN BANCO.

### OCTOBER TERM—1882.

*Judd, C. J., McCully and Austin, J.J.*

KAMOKU ET AL. *vs.* KALAAUAHA.

#### ON EXCEPTIONS.

THE PLAINTIFF IN EJECTMENT claimed as daughter and sole heir of the patentee of the land in question.

The proof was mainly in the nature of pedigree. It was sufficient to establish the valid marriage of the plaintiff's parents, and that they lived together as husband and wife, and the plaintiff's legitimacy.

It was not necessary in the case for the plaintiff to prove affirmatively that her ancestor died intestate.

Opinion of the Court by AUSTIN, J.

This is an action of ejectment. It comes here on motion for new trial by the defendant on the ground that the verdict was against the law and the evidence and upon exceptions to rulings made by Justice Austin on the trial at the July Term.

The plaintiff claimed as daughter and sole heir of Uanale-kehau the patentee of the land in question.

To prove this there was the evidence of the plaintiff and also of several other witnesses in the nature of pedigree from which we think the jury were justified in finding as they did; that the patentee and Keakeakelam were husband and wife under the ancient custom, and prior to the law establishing Christian marriage, and that while so husband and wife they had a daughter, the plaintiff. This finds her their legitimate child. The word wife is used in the bill of exceptions, and has but one meaning.

When applied to relations existing before the law above referred to, it means that the parties to whom it refers con-

sorted and lived together as husband and wife do since that law, and that they are to be considered in law as such.

By request the Court charged the jury that a showing that the plaintiff was a daughter of the patentee was not enough unless the plaintiff also showed that her parents lived together as husband and wife. And the defendant now claims that there was no proof of that fact.

We think as we have said that the evidence was ample to show that the parents were husband and wife, and that while such the plaintiff, their child, was born. If this be so, it constitutes proof that they lived together as husband and wife. They certainly did at the time the plaintiff was born.

Upon this point the plaintiff swears in substance that she lived with the patentee and her mother as their daughter on the land in dispute till she was ten years old, when her mother died, and thereafter with her father till his death in 1866. This strongly tends to show a living together as husband and wife. The jury were right in finding it.

The evidence in the nature of pedigree was proper.

See Adams on Ejectment, *vide*, p. 283. Another point is made. The defendant excepts, that even though the plaintiff showed herself to be the legitimate daughter of the patentee, she did not show that he died intestate.

Upon this point we cite Brand *vs.* Livermore, 10 Johnson's Reports, p. 658. In that case it appeared that two of the plaintiffs' lessors in ejectment had said that the ancestor under whom they claimed as heirs had made a will which they did not produce, and no proof of which was made at the trial.

The Court says: "Though Henry Cuyler, the ancestor, may have made a will, it does not follow that such will contained a devise of any part of his real estate, and particularly of the premises in question. The defendant was bound to show such a devise affirmatively, if he would bar the title to the heirs. The Courts will never allow the heir to be disinherited by mere conjecture." See also 2d Greenleaf Ev., Section 309, pp. 597–8; Section 331, p. 307. Adams on Eject-

ment, *vide* pages 583 and 818. The plaintiff was required only to make positive and not negative proof, and she made enough.

The defendant further claims that, as the patentee left a widow to whom he was lawfully united in christian wedlock, and under whom the defendant claimed, therefore the plaintiff, born before christian marriage was established here by law, can have no rights as a legitimate child of the patentee. What we have before said shows that we are of opinion that this cannot be so.

The fact of legitimacy or illegitimacy is fixed at birth, and cannot be changed by anything that occurs subsequently.

The exceptions are overruled.

W. R. Castle for plaintiff.

A. S. Hartwell for defendant.

Honolulu, November 7, 1882.